IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>HANSEN-MUELLER CO.,<br><br>Debtor(s). | CASE NO. BK25-81226-TLS<br><br>CHAPTER 11 |

**ORDER**

This matter is before the Court on the motion for stay pending appeal filed by creditors Harco National Insurance Company and International Fidelity Insurance Company (Fil. No. 769).

The Court considers four factors in determining whether to issue a stay pending appeal: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the stay will harm the public interest. *Brakebill v. Jaeger*, 905 F.3d 553, 557 (8th Cir. 2018); *Ross v. Strauss (In re Ross)*, 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998).

The Court has carefully reviewed the motion to stay pending appeal and finds that it must be denied. First, the motion is overly broad and ambiguous. It seeks to stay or suspend "the distribution of cash — apart from the normal administration of the estate." It is unclear what funds or distributions movant is seeking to stay and which distributions it considers to be "normal" administration expenses. Generally, the request appears to be asking this Court to deny the debtor the right to use any of the cash collateral of its secured lenders during the pendency of this case. Such an order would wreak havoc on the bankruptcy estate and the ability of the debtor to wind up its affairs in an orderly fashion. As such, issuance of a stay would substantially injure debtor, its other creditors, and the entities taking part in the process.

Second, to the extent the "distribution of cash" referenced in the motion refers to the $3.9 million held by debtor's secured lender, BMO, in a separate reserve account, those funds are not held or distributed by debtor. Those are funds already distributed to BMO from grain sale proceeds. The funds were to be held in a separate reserve account solely to pay potential claims to the grain or its proceeds under 11 U.S.C. § 557. The court ruled earlier on the § 557 claims. That order (Fil. No. 618) and the order denying reclamation claims (Fil. No. 682) rejected all filed § 557 claims to the grain and the grain proceeds, except for those North Dakota claimants whose claims were settled (Fil. No. 733). None of those orders have been appealed, so they are now final and there is no reason to require BMO to continue segregating those funds.

Finally, movant has not even attempted to make a showing (much less, a "strong showing") of its probability of success on appeal. The Court has rejected movant's claims to the grain proceeds, and the cash being distributed is undeniably the cash collateral of the secured lenders.

IT IS ORDERED: The motion for stay pending appeal under Federal Rule of Bankruptcy Procedure 8007(a) filed by creditors Harco National Insurance Company and International Fidelity Insurance Company (Fil. No. 769) is denied.

DATED: October 19, 2026

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:

| | |
|---|---|
| *James D. Ewing | *Shane Mecham |
| Brian Koenig | Jacob Schwartz |
| James Sullivan | James Niemeier |
| United States Trustee | |

Movant (*) is responsible for giving notice to other parties if required by rule or statute.